UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES A. MAHURIN, )
)
    Petitioner, )
)
vs. ) Case No. 4:06CV1652 JCH
)
TROY STEELE, )
)
    Respondent. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner James A. Mahurin's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On October 29, 2004, Petitioner plead guilty in the St. Francois County Circuit Court to one count of the Class B felony of sale of a controlled substance. On February 25, 2005, the State court imposed a sentence of fifteen years imprisonment. The sentence was not executed at that time, however; rather, the court retained jurisdiction over the criminal case against Petitioner, and ordered him to participate in a long-term drug treatment program under Mo. Rev. Stat. § 217.362.

Petitioner entered the long-term treatment program on June 7, 2005. (See Doc. No. 1-2, P. 7). On March 8, 2006, Petitioner was administratively discharged from the program, as a result of the program's inability to accommodate his medical condition. (Id.).[1] Petitioner thus was ordered transferred to an appropriate penal institution. (Id.). On April 25, 2006, the St. Francois County

---

[1] Petitioner's administrative discharge was deemed successful, despite Petitioner's having received a conduct violation and ten days disciplinary segregation for threatening his cellmate with physical harm. (See Doc. No. 1-2, P. 7).

Circuit Court entered an Order denying Petitioner's release under Mo. Rev. Stat. § 217.362. (See Doc. No. 1-2, P. 1).

On September 15, 2006, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Respondent's Exh. A, PP. 21-26). Petitioner's amended Rule 24.035 motion was denied as untimely filed on January 2, 2007. (Id., PP. 84-85).

Petitioner is currently incarcerated at the Eastern Reception and Diagnostic Correctional Center in Bonne Terre, Missouri. In the instant petition for writ of habeas corpus, Petitioner asserts his due process rights were violated, when the Missouri State court denied his release on probation. (§ 2254 Petition, Doc. No. 1-1, PP. 5-13).[2]

## DISCUSSION

As stated above, in the instant § 2254 petition, Petitioner alleges his due process rights were violated by the Missouri State court's denial of his release on probation. (§ 2254 Petition, Doc. No. 1-1, PP. 5-13). In order to assert a due process violation, Petitioner first must establish he possessed a liberty interest in his release on probation. Under Eighth Circuit law, "[a] liberty interest arises if a statute, rule or policy contains 'specific substantive predicates' and 'explicitly mandatory language.'" Ingrassia v. Purkett, 985 F.2d 987, 988 (8th Cir. 1993), quoting Hewitt v. Helms, 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). "A statute that lists with specificity the requirements an inmate must satisfy to be paroled by its nature would engender a liberty interest in parole." Id.; see also Kelly v. Gammon, 903 S.W.2d 248, 251 (Mo. App. 1995) (internal quotations and citations omitted) ("An inmate does not have a constitutional or inherent right to parole before

---

[2] Petitioner also claims his equal protection rights were violated by the Missouri State court's denial of probation. (§ 2254 Petition, P. 5). Petitioner does not allege he is a member of a suspect class, however, nor does he offer any evidence suggesting others outside his class were treated differently. The Court thus will not address the claim in this Order.

the expiration of a valid sentence. However, a state may create a protected liberty interest in parole through language in statutory or regulatory measures."). A claimed benefit is not a protected entitlement, however, "if government officials may grant or deny it in their discretion." Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 756, 125 S.Ct. 2796, 2803, 162 L.Ed.2d 658 (2005) (citation omitted).

The statute at issue in this case, Mo. Rev. Stat. § 217.362, states in relevant part as follows:

2. ....Notwithstanding any other provision of law to the contrary, except as provided for in section 558.019, RSMo, if an offender is eligible and there is adequate space, the court may sentence a person to the program which shall consist of institutional drug or alcohol treatment for a period of at least twelve and no more than twenty-four months, as well as a term of incarceration. The department shall determine the nature, intensity, duration, and completion criteria of the education, treatment, and aftercare portions of any program services provided. Execution of the offender's term of incarceration shall be suspended pending completion of said program....

3. Upon successful completion of the program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. *If the court determines that probation is not appropriate the court may order the execution of the offender's sentence.*

Mo. Rev. Stat. § 217.362(2), (3) (emphasis added).

Upon consideration of the foregoing, the Court finds Mo. Rev. Stat. § 217.362 does not create particular instances in which a prisoner is entitled to probation; rather, the sentencing court is granted discretion to determine whether or not probation is appropriate. See Ingrassia, 985 F.2d at 988. The statute thus does not create a liberty interest, and so the Missouri court did not violate Petitioner's due process rights by denying probation. See Kelly, 903 S.W.2d at 251; see also Young v. Luebbers, 2007 WL 2325389 (E.D. Mo. Aug. 14, 2007). Petitioner's claim for relief must therefore be denied.[3]

---

[3] In light of the Court's above ruling, it need not consider Respondent's assertions that Petitioner's claim is unexhausted, and that Petitioner failed to complete the program at issue.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 27th day of September, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE